UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY BEER DISTRIBUTING, INC.,

        Plaintiff,

  v.                               Case No. 07-C-1068

ENERGY BRANDS, INC.,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S JURY DEMAND**

This matter is before me on defendant Energy Brands, Inc.'s ("Energy") motion for an order striking plaintiff Kay Beer Distributing, Inc.'s ("Kay") demand for a jury trial on its remaining claim for breach of contract. Kay filed its complaint in state court on November 2, 2007, alleging a violation of the Wisconsin Fair Dealership Law ("WFDL"), Wis. Stat. § 135.01 *et seq*. In its original complaint, Kay sought a declaration that Energy's threatened termination of the agreement under which Kay had been serving as the exclusive dealer for Energy's line of enhanced water drinks in northeast Wisconsin would violate the WFDL, preliminary and permanent injunctions enjoining Energy from terminating the arrangement and, in the event it did so, damages. (Doc. # 1-2, Compl. at 7.) There was no jury demand.

On November 30, 2007, Energy removed the case to federal court. (Doc. #1.) On December 6, 2007, Energy (along with the other defendants who have since been dismissed) filed their answer. (Doc. # 4.) The matter was set for a Rule 16 scheduling conference, and on December 28, 2007, the parties submitted a Joint Rule 26(f) report in which Kay expressed its intent

to promptly file an amended complaint and to demand a jury trial. *See* Fed. R. Civ. P. 16(b) and 26(f). (Doc. # 8 at 2-3.) Kay Beer filed its amended complaint on February 1, 2008, alleging that Energy Brands had now in fact terminated the agreement and adding claims for breach of contract, unjust enrichment, breach of fiduciary duty and conspiracy to injure business. The amended complaint included a demand for a jury trial. (Am. Compl., Doc. # 13.)

Rule 38(b) of the Federal Rules of Civil Procedure requires that a jury demand be made "no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The "last pleading" referred to in the Rule usually means an answer or a reply to a counterclaim. *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), *aff'd*, 500 U.S. 136 (1991). "Failure to file a timely demand results in waiver of the right. On the other hand, timely filing of the demand requires a court to grant a jury trial." *Commc'ns Maint., Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir. 1985); Fed. R. Civ. P. 38(d). In this case, the defendants' answer to Kay's original complaint was filed on December 6, which means Kay should have made its jury demand no later than December 20 (ten days later, excluding weekends pursuant to Fed. R. Civ. P. 6(a)). Kay did not make its demand until February 1, 2008, when it filed its amended complaint.

The general rule is that "amendments or supplemental pleadings do not extend the time for making demand for jury trial except as to new issues raised by the new pleadings." *Commc'ns Maint.*, 761 F.2d at 1208 (*quoting Connecticut General Life Ins. Co. v. Breslin*, 332 F.2d 928, 931 (5th Cir. 1964)). In deciding whether an amended pleading permits a new jury demand, the question to be decided is whether the new pleading asserts new factual issues, or simply alleges new legal theories or particularized facts. *Id.*; *Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, 243 F.3d 1086, 1090 (7th Cir. 2001). Here, it appears that Kay's amended complaint simply added new theories, but did not assert new material facts. At least, Kay does not argue that its amended

2

complaint raised new factual issues that extended the time for making a demand for a jury trial. Instead, Kay argues that its demand was timely under Rule 81(c)(3), which governs jury trial demands in cases removed from state court. That Rule states in pertinent part:

**(3) Demand for a Jury Trial.**

**(A)** *As Affected by State Law*. A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

**(B)** *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 10 days after:

**(i)** it files a notice of removal; or

**(ii)** it is served with a notice of removal by another party.

Fed. R. Civ. P. 81(c)(3)(A). Kay notes that under Wisconsin law, a jury demand is timely if made "at or before the scheduling conference or pretrial conference, whichever is held first." Wis. Stat. § 805.01(2). Its case was removed from state court prior to the scheduling conference and thus prior to the time Kay was required to make its demand. Because state law did not require an express demand prior to removal of the case, Kay argues that under Rule 81(c)(3)(A) it was not required to make one after removal unless the Court ordered it to do so within a specified time. And because the Court did not order otherwise, Kay argues that the demand set forth in its amended complaint was timely. (Doc. # 99, Kay's Br. Opp. at 2-3.)

Energy, on the other hand, argues that Rule 81(c)(3)(A) only applies where the law of the state in which the case is removed does not require a party to make a demand at any time. In other

3

words, Energy asserts that the question is not *when* a party is required to make a jury demand under the relevant state law, but *whether* it is ever required to do so in the course of state proceedings. If the applicable state law assumes that all cases will be tried by jury unless the parties or court decide otherwise, then Rule 81(c)(3)(A) relieves a party of the obligation to demand a jury after the case is removed to federal court unless the court sets a time within which to do so. Because Wisconsin law does require such a demand, however, Energy argues that Rule 81(c)(3)(A) does not apply. And because all of the necessary pleadings had not been served at the time of removal, Energy argues that Rule 81(c)(3)(B) does not apply either. Instead, Energy contends, Rule 38(b) applies, and for the reasons already explained, Kay's request was not timely under that provision.

The language of the current Rule 81 is ambiguous. At least one court has observed that the Rule is "poorly crafted." *Cross v. Monumental Life Ins. Co.*, 2008 WL 2705134, *1 (D. Ariz. July 8, 2008). This court agrees. The use of the past tense — "If state law did not require an express demand" — without any qualification, makes it unclear whether the exception is intended to apply to cases in which a demand for a jury under state law was not yet due when the case was removed, or to cases in which a demand is not required at all. Kay's interpretation of Rule 81(c)(3)(A) thus has some merit. But ultimately, I conclude that Energy's interpretation is correct. Rule 81(c)(3)(A) only applies when the applicable state law does not require a jury demand at all. It has no application when, as in this case, the applicable state law requires an express demand, but the time for making the demand has not yet expired when the case is removed.

This is apparent from the language of the Rule prior to its amendment in 2007. Prior to the 2007 amendment to Rule 81, it read:

4

> If state law applicable in the court from which the case is removed *does not* require the parties to make express demands after removal in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.

Fed. Rule Civ. P. 81(c) (2006) (amended 2007) (italics added). The Advisory Committee Notes for the 2007 Amendments to Rule 81 state that the language of the Rule was amended "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." The note states that the changes were intended to be "stylistic only."

The earlier version of Rule 81(c) was the result of the 1963 amendment to the Rules which added the exception in the first place. The Advisory Committee Notes relating to the 1963 Amendment state that the change was meant to avoid unintended waivers of a party's right to a jury trial in cases that are removed to federal court from state courts in which no demand is required. To achieve this purpose, "the amendment provides that where by State law applicable in the court from which the case is removed a party is entitled to jury trial without making an express demand, he need not make a demand after removal." Fed. R. Civ. P. 81 Advisory Committee Note, 1963 Amendment. *See also* 9 Wright & Miller, Federal Practice and Procedure (hereafter Wright & Miller) § 2319 at 228-29 (3d ed. 2008). It therefore follows that the exception in Rule 81(c)(3)(A), which relieves a party in a removed case from the obligation to demand a jury trial, applies only where the applicable state law does not require an express demand for a jury trial. Since Wisconsin law does require a jury demand, Rule 81(c)(3)(A)'s exception does not apply.

Kay cites *Williams v. J.F.K. Int'l Carting Co.*, 164 F.R.D. 340 (S.D.N.Y. 1996) and *Marvel Entm't Group, Inc. v. Arp Films, Inc.*, 116 F.R.D. 86 (S.D.N.Y. 1987), in support of its interpretation of Rule 81, but both dealt with actions removed from New York courts. Cases

5

removed from New York court provide little guidance because "the practice in New York falls within a gray area not covered by Rule 81(c)." *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *see also* 9 Wright & Miller § 2319 at 231 ("Many cases removed from New York state courts pose a unique situation."). Wisconsin law unequivocally requires a demand in order to preserve one's right to a jury trial. I therefore conclude that Rule 81(c)(3)(A) is inapplicable and Kay's demand for a jury trial was untimely under Rule 38(b).

Alternatively, in the event its demand is found to be untimely, Kay requests that the Court grant it relief under Rule 39(b), which allows the court to "on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Rule 39(b) explicitly allows district courts to grant an untimely demand for a jury, but "there is a wide divergence of views on how a court should exercise its discretion to grant relief from the time requirement on a motion under Rule 39(b)." 9 Wright & Miller § 2334, 303-04; *see also Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998). The Seventh Circuit views the district court's discretion as more limited than several other circuits, notably the Fifth, and has said that Rule 39(b) relief should be granted only "if a good reason for the belated demand is shown." *Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (*citing Pacific Fisheries Corp. v. HIH Casualty & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *SEC v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000)). Other courts have set forth a number of factors that should guide the court's discretion, including (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the adverse party; (3) whether any prejudice will result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely jury demand. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*,

916 F.2d 1061, 1064 (5th Cir. 1990); *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936 (1983).

Upon consideration of the facts of this case, I conclude that relief under Rule 39(b) should be granted. First, I note that Kay's failure to timely file its demand was not mere inadvertence. The ambiguity of Rule 81 is itself a "trap for the unwary." *Cross*, 2008 WL 2705134, at*1. Neither counsel, nor his client, should be punished for failing to comply with deadlines that are confusing and ambiguous. Consideration of the other factors relevant to whether Kay's request should be granted also support this conclusion. The issues are straightforward credibility issues dealing with the formation of a contract, precisely the kind of issues suited to a jury. Permitting a jury will not upset the court's calendar since the case has already been scheduled for a jury trial. The delay in requesting a jury was only a month-and-a- half, and given the procedural history of the case, is hardly noticeable. Finally, Energy can hardly claim that it was surprised or prejudiced that the trial will be to a jury since Kay made its demand more than a year ago and indicated its intent to do so even earlier. While the final decision granting a jury trial is only now being made, Energy could have had the issue decided earlier had it raised the issue. It apparently did not view the issue as an urgent one. Under these circumstances, and in the exercise of the discretion granted by Rule 39(b), I conclude that Kay's request should be granted. Accordingly, Energy's motion to strike Kay's jury demand is **DENIED**.

**SO ORDERED** this 12th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

7

Case 1:07-cv-01068-WCG   Filed 06/12/09   Page 7 of 7   Document 108