UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY BEER DISTRIBUTING, INC.,

    Plaintiff,

v.                                        Case No. 07-C-1068

ENERGY BRANDS, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
THE COURT'S ORDER ON THE EFFECT OF THE RELEASE
AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE**

On September 29, 2009, plaintiff Kay Beer Distributing, Inc. ("Kay") filed an expedited motion under Civil L.R. 7.4 requesting that the Court reconsider its Order issued that same day regarding the effect of the Agreement and General Release ("the Release") entered into between Kay and defendant Energy Brands, Inc. ("Energy"), on April 4, 2005. Energy opposed the motion and filed a motion in limine on September 30, 2009, for an order precluding Kay from arguing or presenting evidence at trial relating to "conversations or events" preceding Kay's signing of the Release. For the reasons stated below, the Kay's motion to reconsider will be denied and Energy's motion in limine will be granted in part and denied in part.

**Kay's Motion for Reconsideration**

Kay argues that before turning to the language of the Release itself, the Court should have conducted a "preliminary inquiry" under Wisconsin's choice of law rules into whether the parties intended the Release to apply to the distribution territory. Kay maintains that as a part of this

inquiry the Court should look to Wisconsin law on the question of whether extrinsic or external ambiguity should be considered to determine whether the parties intended the Release to govern the territory at issue. Kay points to its earlier brief in opposition to the motion for summary judgment, in which it cited *Waters v. Waters*, 2007 WI App 40, ¶ 8, 300 Wis. 2d 224, ¶ 8, 730 N.W.2d 655, ¶ 8, and *United States v. National Steel Corp.*, 75 F.3d 1146, 1149 (7th Cir. 1996), in support of its claim that Wisconsin law recognizes that ambiguity may exist as applied to the extrinsic facts to which the contract refers. Plaintiff also directs the Court to *Federal Deposit Insurance Corp. v. W.R. & Grace & Co.*, 877 F.2d 614 (7th Cir. 1989), in which Judge Posner noted that "external" or "extrinsic" ambiguity may be present in an otherwise unambiguous agreement, meaning that "extrinsic evidence is admissible to *demonstrate* an ambiguity." 877 F.2d at 620-21.

Regardless of which state's law controls, I am satisfied that the terms of the Release signed by Kay is unambiguous. The Release states that "the distribution relationship by and between Energy Brands Inc. ("EBI") and Kay is terminated as of the date hereof." (Doc. # 27, Aff. of Michael Perez, Ex. A.) There is no patent ambiguity in the provision; it states unequivocally that the distribution relationship between the parties is terminated. It does not say that Kay's territory is reduced, or the agreement is modified; the agreement states that the relationship is terminated. It is difficult to conceive how it could be made more plain.

Kay argues, however, that there exists external, or extrinsic, ambiguity in the provision. Extrinsic ambiguity is present "when although the contract is clear at the semantic or literal level, anyone who knew something about the subject matter would realize that the contract probably did not mean what it said." *National Steel Corp.*, 75 F.3d at 1149. In Wisconsin, parol evidence is admissible to explain a latent ambiguity in a written agreement. *O'Connor Oil Corp. v. Warber*, 30 Wis. 2d 638, 642, 141 N.W.2d 881 (1966). But under this exception, "parol testimony is admitted

2

to resolve an existing ambiguity, not to create one." *Marshall and Ilsley Bank v. Milwaukee Gear Co.* 62 Wis. 2d 768, 777, 216 N.W.2d 1 (1974). Here, Kay seeks to change the terms of the written agreement by introducing evidence that it did not intend what the agreement says. Kay has offered no evidence that there exists extrinsic evidence that shows the provision to be ambiguous. *See Jackman v. WMAC Inv. Corp.* 809 F.2d 377, 382-83 (7th Cir. 1987). It does not claim, for example, that there were two agreements, and the Release was intended to terminate only one. *See, e.g., Klueter v. Joseph Schlitz Brewery*, 143 Wis. 347, 128 N.W. 43, 45 (1910) (contract called for delivery by a particular railroad that did not serve the loading point to be used). Nor is there any claim that a literal reading of the Release leads to a "patently ridiculous situation" when applied to the facts. *Stevens Construction Corporation v. Carolina Corporation, et al.*, 63 Wis. 2d 342, 217 N.W.2d 291, 298 (1974).

Based on the foregoing, I conclude that the Release is unambiguous both intrinsically and extrinsically. It thus follows that extrinsic evidence may not be used to vary its meaning. Accordingly, Kay's motion for reconsideration [Doc. # 153] is **DENIED**.

### Energy's Motion in Limine

Based upon the Court's ruling that the Release is clear and unambiguous, Energy has moved in limine to preclude Kay from making argument or introducing evidence relating to conversations or events between the parties prior to the execution of the Release on April 4, 2005. Energy contends that because Kay "release[d] and forever discharge[d]" Energy from any "contracts," "agreements" and "promises," (Doc. # 27, Aff. of Michael Perez, Ex. A), Kay should be precluded from referring any previous alleged conversations or promises made by Energy before April 4, 2005, including the alleged terms of any oral agreement between the parties in 2002.

3

I disagree. The Release had the legal effect of discharging Energy's obligations under existing contracts, agreements and promises, but it is not a bar to admissibility of evidence relating to the alleged oral agreement that Kay contends the parties entered into after the original agreement was terminated. As Kay aptly observes, the rules of evidence, not contracts, determine what is admissible at trial. Kay contends that it should be permitted to present evidence relating to whether the parties orally modified the effect of the Release or whether a new agreement materialized between the parties after the Release went into effect. As to Kay's first contention, based upon the Court's determination regarding the effect of the unambiguous Release, Kay will not be permitted to introduce evidence to contradict the effect of the Release as stated in the document. Moreover, the Release expressly states that it "may not be changed orally" (*Id.*), and thus Kay may not claim that the parties modified its terms.

Evidence relating to the terms of the original agreement, however, could be relevant to the question of what terms the parties allegedly agreed to in 2005 after the initial agreement was terminated. The Release would not prohibit Kay from introducing evidence that the parties entered into an oral agreement that incorporated the same terms as the original agreement, only covering a smaller territory. The fact that Energy's obligations under prior agreements were discharged by the Release does not mean it could not have entered a new agreement which referenced or incorporated the terms of an earlier agreement. Admitting evidence relating to the previous agreement Kay released, so long as it is offered as being incorporated into a new oral agreement, does no violence to the Release as construed by the Court.

4

Accordingly, Energy's motion [Doc. # 155] is **DENIED** to the extent Kay seeks to introduce evidence of an agreement discharged by the Release, the terms of which were incorporated into or referenced by a new agreement formed after the Release. Energy's motion is **GRANTED** to the extent Kay seeks to introduce evidence to contradict the Court's finding regarding the legal effect of the Release itself.

**SO ORDERED** this ___5th___ day of October, 2009.

                                              s/ William C. Griesbach
                                              WILLIAM C. GRIESBACH
                                              United States District Judge