UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY BEER DISTRIBUTING, INC.,

    Plaintiff,

v.                                          Case No. 07-C-1068

ENERGY BRANDS, INC.,

    Defendant.

**ORDER FOR ENTRY OF JUDGMENT AND DIRECTIONS**
**FOR PLEADINGS AND PAPERS FILED UNDER SEAL**

      This matter came before the Court for a jury trial commencing on October 6, 2009. At the conclusion of the plaintiff's case, the defendant moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). For the reasons set forth on the record, the Court found that the plaintiff had not produced a legally sufficient evidentiary basis for the jury to find in its favor. The Court therefore granted the defendant's motion and ordered the matter dismissed pursuant to Rule 50(a). The Clerk is hereby directed to enter judgment of dismissal in favor of the defendant and against the plaintiff forthwith.

      Furthermore, the Court has observed that many of the filings in this matter have been designated confidential and filed under seal pursuant to the protective order entered by the parties. The protective order facilitated discovery in the case by allowing free exchange of information without engaging in unproductive disputes over whether material the parties did not wish to disclose to the public was discoverable. Once such information is filed with the Clerk, however, and becomes part of the record upon which the Court is requested to base its decision, it may not be held

under seal absent a finding of good cause by the Court. See *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). Most, if not all of the filings under seal do not appear to be of such a nature that good cause for maintaining them under seal exists. Accordingly, the parties are hereby directed to designate within the next thirty days what, if any, material filed under seal should remain confidential and why. Absent a showing of good cause as required under Fed. R. Civ. P. 26(c)(1), all matters previously filed under seal will be unsealed.

**SO ORDERED** this __8th__ day of October, 2009.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge