UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAY BEER DISTRIBUTING, INC.,

        Plaintiff,

v.                                                          Case No. 07-C-1068

ENERGY BRANDS, INC.,

        Defendant.

## ORDER REGARDING SEALED DOCUMENTS

This case was dismissed at the close of the plaintiff's case pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure. Judgment was entered and the case is now on appeal. Prior to the entry of Judgment, the Court instructed the parties to designate those portions of the record that they believe should remain under seal for purposes of the appeal. Throughout the case the parties operated under a Stipulated Protective Order which essentially allowed them to expedite discovery by exchanging sensitive information that was arguable beyond the scope of discovery or otherwise not discoverable by simply designating materials as "confidential" or "attorney's eyes only" during their discovery exchange. When pleadings or affidavits containing such information were filed, the filings were made under seal. As a result, much of the record in the case is sealed even though the court has not made a finding of good cause to support maintaining those materials under seal.

At the time, the court granted defendant's Rule 50 motion to dismiss, the parties were advised that their own designation of confidentiality was not sufficient to warrant an order by the Court maintaining documents that had been filed with the Court under seal. *See Hicklin*

*Engineering L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2002)("what happens in the federal courts is presumptively open to public scrutiny"); *see also Union Oil of California v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)."). Instead, in order to maintain any of the documents previously filed with the court under seal, the parties were instructed to notify the Court within thirty days whether they believe that any documents filed with the Court should remain under seal for good cause and explain why.

Defendant Energy Brands has requested that two documents previously filed under seal with the court remain so. These include Exhibit D to Docket # 48, which is a confidential March 1, 2005 agreement between Energy Brands and Dr. Pepper-7UP Bottling Group (bates number CS000001-18). Energy Brands contends that the agreement has never been made public and reveals the contractual terms between the two companies, including termination payment provisions. The other document Energy Brands requests to remain under seal is Docket # 136, a declaration by Attorney John P. Christiansen that attaches a table showing the terms and settlement amounts paid to Energy Brands' distributors around the country. The agreements from which the facts were taken are confidential settlement agreements between Energy Brands and the terminated distributors.

The Court is satisfied that good cause exists for retaining each of these documents under seal. Neither was relied upon by the Court in reaching its conclusion and the specific information contained in each of the documents is in the Court's view not relevant to the issues raised in the action. The documents contain sensitive financial and proprietary information, the disclosure of which would undermine the efforts of Energy Brands to settle other cases. Disclosure of the terms

of unrelated settlement agreements would also violate the general principle that parties should be able to resolve their disputes voluntarily short of trial without giving rise to a general impression that they have admitted liability or incurred substantial liability on unrelated claims. Any other rule would make settlement of cases more difficult which would benefit neither the parties themselves, nor the courts.

Accordingly, **IT IS HEREBY ORDERED** that, with the exception of the two documents described above, the balance of the file in this matter shall be unsealed and available for public inspection.

Dated this   11th   day of November, 2009.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

3

Case 1:07-cv-01068-WCG   Filed 11/12/09   Page 3 of 3   Document 192